IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY WAYNE WHITE, #541668 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv83 |
| LORIE DAVIS | § | |

## ORDER OF DISMISSAL

Plaintiff Anthony Wayne White, an inmate confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and seeking to proceed *in forma pauperis*, filed the above-styled and numbered civil action. The lawsuit was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #5) concluding that the lawsuit should be construed as a civil rights case and dismissed for purposes of *in forma pauperis* proceedings because of sanctions imposed by the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1915(g). Mr. White has filed objections (Dkt. #10).

Mr. White argues that he has a federally protected right to bring a claim under the First Amendment. He further argues that he has a right to bring a petition for a writ of habeas corpus challenging unconstitutional conditions of confinement.

Pursuant to 28 U.S.C. § 1915(g), the Fifth Circuit barred Mr. White from filing any new proceedings *in forma pauperis* in a district court or on appeal while he remains in prison, unless he is under imminent danger of serious physical injury. *White v. Holston*, No. 97-40773, 1998

WL 224524 (5th Cir. Apr. 16, 1998). Mr. White is attempting to circumvent the bar by filing the present lawsuit as a petition for a writ of habeas corpus.

The Fifth Circuit dealt with an identical case in *Carson v. Johnson*, 112 F.3d 818 (5th Cir. 1997). As in the present case, Mr. Carson endeavored to file a civil rights lawsuit as a petition for a writ of habeas corpus. The Fifth Circuit held that § 1983 lawsuits "are the proper vehicle to attack unconstitutional conditions of confinement" while a "habeas petition, on the other hand, is the proper vehicle to seek release from custody." *Id.* at 820 (citations omitted). The Court held that the trial court properly characterized the case as a civil rights lawsuit. *Id.* The Court further held that the dismissal of the lawsuit pursuant to § 1915(g) was proper. *Id.* at 822-23. Finally, the Fifth Circuit made the following observation with respect to the claim that he had a constitutional right to bring the lawsuit:

> Section 1915(g) does not prevent a prisoner with three strikes from filing civil actions; it merely prohibits him from enjoying IFP status. He still has the right to file suits if he pays the full filing fees in advance, just like everyone else.

*Id.* at 821. Mr. White's objections to the recommendation to dismiss the lawsuit for purposes of *in forma pauperis* proceedings pursuant to § 1915(g) lack merit. He may resume the case if he pays the full filing fee of $400 within thirty days after the entry of the final judgment. *Id.* at 823.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. White to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. White's objections are without merit. It is therefore

**ORDERED** that the complaint is **DISMISSED** with prejudice for purposes of *in forma pauperis* proceedings pursuant to the § 1915(g) bar imposed by the Fifth Circuit. It is further

**ORDERED** that the motion to proceed *in forma pauperis* (Dkt. #2) is **DENIED**. Mr. White may resume the lawsuit if he pays the entire filing fee of $400 within thirty days from the entry of the final judgment. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Apr 16, 2017**

_____
Ron Clark, United States District Judge